## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 13 C 7663 |
| | ) | Judge |
| v. | ) ) ) | Magistrate Judge |
| ANDERSON MORAN CONSTRUCTION, LLC d/b/a ANDERSON MORAN CONSTRUCTION, INC. OF WHEATON, an Illinois corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, HEALTH AND WELFARE, AND DEFERRED SAVINGS PLAN TRUST FUNDS, by their attorneys, Donald D. Schwartz, James R. Anderson and Gregory W. Hosé, and ARNOLD AND KADJAN, complain against Defendant ANDERSON MORAN CONSTRUCTION, LLC d/b/a ANDERSON MORAN CONSTRUCTION, INC. OF WHEATON, an Illinois corporation, as follows:

## COUNT I

### Jurisdiction and Venue

1.     Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331.

2.     The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3.     The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, HEALTH AND WELFARE, DEFERRED SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4.     The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5.     The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6.     Defendant ANDERSON MORAN CONSTRUCTION, LLC d/b/a ANDERSON MORAN CONSTRUCTION, INC. OF WHEATON, an Illinois corporation, ("ANDERSON

MORAN") an Illinois corporation, is an employer engaged in an industry affecting commerce. ANDERSON MORAN entered into a collective bargaining agreement ("Labor Agreement") with the Union on or about **November 1, 2006** whereby the corporation agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the Labor Agreement is attached as "Exhibit A."

9.      Since November 1, 2006, ANDERSON MORAN has submitted monthly contribution reports to the Plaintiffs for each month, until the audit period outlined below, whether under the name of ANDERSON MORAN CONSTRUCTION, LLC or ANDERSON MORAN CONSTRUCTION, INC. OF WHEATON.

### The Agreements

10.      Pursuant to the provisions of the Labor Agreement, ANDERSON MORAN is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, ANDERSON MORAN is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

11.      Under the terms of the Labor Agreement and Trust Agreement to which it is bound, ANDERSON MORAN is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not ANDERSON MORAN is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require ANDERSON MORAN to pay liquidated damages, interest,

auditors fees, and all attorneys fees and court costs incurred by the Funds in the collection process.

12.     ANDERSON MORAN has breached the provision of the Labor Agreement and Trust Agreements by failing to submit all of the required monthly reports and contributions for the period from **October 1, 2012 through the present.**

13.     Pursuant to the provisions of the Labor Agreement and Trust Agreements, ANDERSON MORAN is required to pay liquidated damages, auditor fees and all attorneys' fees and court costs incurred by the Funds in the collection process.

14.     Plaintiffs have complied with all conditions precedent in bringing this suit.

15.     Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from ANDERSON MORAN.

16.     ANDERSON MORAN is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements and 29 U.S.C. Section 1132(g)(D).

17.     Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

        (i)     interest on the unpaid contributions; or

        (ii)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A.     ANDERSON MORAN be ordered to produce its books and records for a fringe benefit contribution compliance audit for the period from **October 1, 2012 through the present;**

4

B.     Judgment be entered against ANDERSON MORAN and in favor of Plaintiffs, in the amount shown to be due under the audit;

C.     That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the Labor Agreement, Trust Agreements, and 29 U.S.C. Section 1132(g); and

D.     Such other and further relief as the Court deems appropriate.

## COUNT II

18.     Plaintiffs repeat and reallege Paragraphs 1-10 as if more fully stated herein.

19.     Pursuant to the provisions of the Labor Agreement, ANDERSON MORAN is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and Trust Agreements by the 20th day of each month for the work done in the preceding.

20.     Under the terms of the Labor Agreement and Trust Agreements to which it is bound, ANDERSON MORAN is required to pay liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due for unpaid, under-paid or late paid contributions. In addition ANDERSON MORAN is required to pay all attorneys' fees and court costs incurred by the Funds in the collection process.

## The Claim

21.     ANDERSON MORAN has breached the provisions of the Labor Agreement and Trust Agreements by failing to pay accumulated liquidated damages which are owed based on

the company's failure to timely pay its fringe benefit fund contributions, in the amount of $5,739.24. See spreadsheet of liquidated damages owed, attached as Exhibit 2.

22.     Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from ANDERSON MORAN.

## Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A.      That judgment be entered in favor of Plaintiffs and against ANDERSON MORAN in the amount of $5,739.24 for unpaid liquidated damages;

B.      That Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and court costs incurred in the prosecution of this action;

C.      That this Court retain jurisdiction of this matter to supervise enforcement of any resulting money judgment and further supplementary proceedings against ANDERSON MORAN; and

D.      That this Court grant such other and further relief as may be appropriate under the circumstances.

## COUNT III

23.     Plaintiffs repeat and reallege Paragraphs 1-10 as if more fully stated herein.

24.     Plaintiffs seek alternate relief under federal common law.

## Jurisdiction, Venue and Standing

25.     Jurisdiction of this cause is proper in this court as federal common law governs the interpretation of contracts in the context of ERISA and Plaintiffs are an ERISA plan.

26.     Venue is founded pursuant to federal common law in this District, as both Plaintiffs and ANDERSON MORAN have offices in this District.

27. Plaintiffs have standing in this matter as they are third party beneficiaries to the collective bargaining agreement between the Union and its affiliated locals, and certain employer associations whose employees are or were covered by one or more Collective Bargaining Agreements with the Union.

### Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A. That judgment be entered in favor of Plaintiffs and against ANDERSON MORAN in the amount of $5,739.24 for unpaid liquidated damages;

B. That Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and court costs incurred in the prosecution of this action;

C. That this Court retain jurisdiction of this matter to supervise enforcement of any resulting money judgment and further supplementary proceedings against ANDERSON MORAN; and

D. That this Court grant such other and further relief as may be appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS
AND DECORATORS PENSION FUND, et al.,**

By: /s/ Gregory W. Hosé
One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
GREGORY W. HOSÉ
ARNOLD AND KADJAN
203 N. LaSalle St., Ste. 1650
Chicago, Illinois 60601
(312) 236-0415

06/22/2007 11:43 FAX  312 421 7884      PAINTER DIST. COUNCIL  → ARNOLD          @013/022

## PAINTERS' DISTRICT COUNCIL #14
## (MEMORANDUM OF TAPING AGREEMENT)

THIS AGREEMENT entered into by Painters' District Council #14 (hereinafter referred to as "The Union" and *Anderson Moran Construction* referred to as "the Employer", Witnesseth That:

WHEREAS, THE CHICAGOLAND ASSOCIATION OF WALL AND CEILING CONTRACTORS/GYPSUM DRYWALL CONTRACTORS OF NORTHERN ILLINOIS (hereinafter "ASSOCIATION"), and the UNION have reached agreement on Wages, Hours and terms and conditions of employment for the period of June 1, 2003 to May 31, 2008.

WHEREAS, the parties to this Agreement wish to promote continued employment in the Industry, prevents interruption of work and agree to adopt such terms:

NOW, THEREFORE, IT IS AGREED AS FOLLOWS:

1. The Employer hereby recognizes the Union as the sole and exclusive bargaining representative of all Employer's employees performing work within the craft and geographic jurisdiction of the Union as the same exists as of the date hereof and including any such additional work or geographic area over which the Union may hereafter acquire jurisdiction with respects to Wages, Hours, and other terms and conditions of employment.

The Employer, in response to the Union's claim that it represents an uncoerced majority of each employer's Taping employees, has been authorized to and in fact does represent such majority of such employees in accordance with Section 9 of the Labor Relations Act without the need for a Board Certified Election.

2. The Employer acknowledges that he is bound to all terms and conditions of The Collective Bargaining Agreement between the Union and the Associations as applicable to him which expired at 12:00 midnight, May 31, 2008, and hereby reaffirms his continuing obligations with respect to all such provisions, acknowledges the renewal of all such provisions to the extent the same are no inconsistent with the provisions of the Agreement, and hereby agrees to the changes in the Agreement between the Union and the Association and all subsequent amendments thereto and to any other changes subsequently negotiated by and between the Union and the applicable Association. Said Contracts are specifically incorporated by reference and made a part hereof.

3. The Collective Bargaining Agreement between the Union and Association, June 1, 1997, to May 31, 2008, and all subsequent amendments thereto are incorporated herein as if they were forth in full. The Employer agrees to be bound by the terms of the applicable Association Bargaining Agreement for the life of the negotiated Agreement.

4. The Employer agrees to pay the amount it is bound to pay under the Collective Bargaining Agreements to the Pension, Welfare, Apprentice and Savings Funds and to become bound by and considered a party to the Agreements and Declarations of Trust creating such trust funds and such declarations are incorporated by reference herein. Said amounts are:

CHANGES EFFECTIVE June 1, 2006 thru May 31, 2007
### NEW TAPING CONTRACT

| Wages | TOTAL | PER HOUR $2.30 | |
|---|---|---|---|
| Welfare Fund | $34.40 | .85 | Increase |
| Pension Fund | $6.20 | .40 | Increase |
| Savings | $6.40 | 1.00 | Increase |
| Joint Cooperation | $1.00 | (Deducted from Wages) | |
| Education & Scholarship | .05 | No | Increase |
| Industry Promotion | .01 | No | Increase |
| JATC | .03 | No | Increase |
| LPC (Local Political Committee) | .48 | .05 | Increase |
| | .05 per hour | | |

06/22/2007 11:13 FAX 072 489 6984    PAINTER DISC COUNCIL ARNOD    ☑014/022

5.  This Agreement shall become effective at 12:00 A.M., June 1, 2003, and shall remain in full force and effect until 12:00 P.M., May 31, 2008, or continue thereafter unless there has been given not less than sixty (60) days, nor more than ninety (90) days written notice by Registered or Certified Mail, prior to expiration by either party hereto to the desire to modify, amend or terminate this agreement through negotiations. The absence of such notice will result in the automatic renewal of this Agreement for the life of the newly negotiated area wide Agreements between the Union and the Association with all improvements, modifications and amendments thereto and incorporating them herein:

6.  This document is the complete written agreement between the parties and can only be amended in writing by their parties. No other oral representations shall be binding on either party nor shall any party rely upon such oral statements that vary their terms of the written contract.

7.  The employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

IN WITNESS WHEROF, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this _1 ST_ day of _November_ , 200_7_ !

**EMPLOYER:**

**FIRM:** _Anderson Moran Construction, LLC_
**(PRINT)**

**ADDRESS:** _P.O. Box 5008 Wheaton IL 60187_
**(PRINT)**

**NAME & TITLE** _Matt Anderson - Owner_
**(PRINT)**

**SIGNATURE** _[signature]_            _Owner_
**(PRINT)**                    **(TITLE)**

Terrence P. Fitzmaurice
Business Manager/Secretary-Treasurer
Painters' District Council #14